## AMENDED CHAPTER 13 NARRATIVE STATEMENT OF PLAN

RE:  ANDREA PAIGE ATTAWAY  CASE NO. 4:12-bk-73841

**PAYMENT TO THE TRUSTEE:** Shall be made from the debtor(s)' employer as set forth below:

DEBTOR PROPOSES TO PAY **$226.00** PER MONTH TO THE TRUSTEE **BEGINNING APRIL 2013**.

Name of employer:

Address:

Phone Number:

Indicate how often you are paid by checking the appropriate box below:

( ) Weekly; ( ) Bi-Weekly; ( ) Semi-mo; ( **X** ) Monthly; or ( ) Other
(If Other, please specify _____)

**THE FIRST PAYMENT WILL BE MADE TO THE TRUSTEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THE PETITION.**

**PLAN LENGTH:**

The debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for no less than 36 months (unless unsecured are being paid 100%). The plan length shall not exceed 60 months.

The debtor(s)' plan length is **60** months.

### I. ADMINISTRATIVE COSTS:

1) TRUSTEE'S FEES AND EXPENSES.
2) ATTORNEY FEES to be paid through the plan.          $ _2,481.00___
   **All attorney fees must be approved by separate application.**
   (ATTORNEY FEES paid by debtor prior to filing.          $__519.00___

### II. CHILD SUPPORT

**REGULAR PAYMENT:** Check the appropriate box.
(**X**) The Debtor has no child support obligations
( ) The regular monthly support payment shall be paid by the debtor directly.
( ) The regular monthly support payment of $_____ shall be paid throught the plan.

ARREARAGE PAYMENT:  The total back child support is $_____ and shall be paid through the plan at a pro rata monthly amount.

**DSO CREDITORS**
NAME AND ADDRESS OF CHILD SUPPORT RECIPIENT:
CREDITOR TO WHOM CHILD SUPPORT IS OWED:

### III. LONG TERM DEBTS:

The following debts will extend beyond the length of the plan.  During the plan, the Trustee is to pay the regular, continuing monthly contract payment.  If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. 1322(b)(5).  Upon completion of the plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement.

| CREDITOR | REG. PYMT | ARREARAGE | AMT PER MONTH TO CURE ARREARAGE |
|---|---|---|---|

**NONE**

### IV. SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Secured creditors who will retain their liens and be paid the value of their collateral or the amount of their debt **whichever is less,** shall be paid as follows:

| Creditor | Amount | Value | Int. | Mo. Pymt. | Adequate Protection Mon. Pmt. |
|---|---|---|---|---|---|

**NONE**

***If this space is left blank, no interest is to be paid.**
****Over Secured Creditors only and must specify contract rate.**

**ANY AMOUNT CLAIMED BY THE CREDITOR THAT EXCEEDS THE <u>VALUE</u> OF THE COLLATERAL WILL BE TREATED AS A <u>NONPRIORITY UNSECURED CLAIM</u>.**

### V. PMSI Secured Claims to which §506 Valuation is Not Applicable:

| CREDITOR | DEBT | VALUE | INT. RATE* | MO PYMT | ADEQUATE PROTECTION MO PMT |
|---|---|---|---|---|---|

**NONE**

### VI. PROPERTY TO BE SURRENDERED:

The following are creditors to whom the Debtor surrenders the property securing the claim in accordance with 11 U.S.C. 1325(a)(5)(C).  **No further payments are to be made to the**

2

**creditor on the secured claim; however, the creditor may file a claim for the deficiency and it will be treated as a non-priority unsecured creditor.**

    CREDITOR DESCRIPTION OF PROPERTY

**CitiMortgage**                  30 Acres (next to homestead)

**Best Buy**                       HHG

**VII. PRIORITY DEBTS:** Priority debts shall be paid in full in accordance with 11 U.S.C. 1322(a)(2), **unless otherwise indicated in this plan**.

    **CREDITOR**                       **AMOUNT**

**NONE**

**VIII. UNSECURED DEBTS:**

**CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IS INDICATED BELOW:**

( )    Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That percentage is _0_%.

( )    Unsecured creditors shall receive $_____ to be disbursed in accordance with §1322 and §1325.

(**X**)    Unsecured creditors shall receive a pro rata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured, priority, child support and special nonpriority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

**IX. SPECIAL NONPRIORITY UNSECURED DEBTS:**

    The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid 100% unless a different treatment is indicated.

| CREDITOR | DEBT | INT. RATE* | MO. PYMT | REASON |
|---|---|---|---|---|
| **NONE** | | | | |

**\* If space is left blank, no interest is to be paid.**

**X. DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:**

    The only debts which may be paid directly are:

    1) home mortgage; if current;
    2) lease payments, if current;
    3) child support payments per court order;

    4) debts which are actually being paid by someone other than the debtor from property that is no property of the estate.

    CREDITOR    DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION

**NONE**

## XI. EXECUTORY CONTRACTS:

    The debtor ( ) assumes or ( ) rejects the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

    CREDITOR    CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY

## XII. SALE OF ASSETS:

    The debtor proposes to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

| PROPERTY | DATE BY WHICH SALE IS TO BE CONSUMMATED | TOTAL PROCEEDS | DISPOSITION OF PROCEEDS |
|---|---|---|---|

NONE

## XIII. OTHER PROVISIONS:

    Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(10), are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

**In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.**

In order to assist the debtor in performance of the plan, the trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IN RE:        ANDREA PAIGE ATTAWAY        CASE NO.: 4:12-bk-73841
       CHAPTER 13

**NOTICE OF OPPORTUNITY TO OBJECT TO
PLAN BEFORE CONFIRMATION**

YOU ARE HEREBY NOTIFIED that the captioned Debtor has filed the attached Plan pursuant to 11 U.S.C. §1323 and §1329. Pursuant to 11 U.S.C. §1324 and Rule 2002 of the Rules of Bankruptcy Procedure, objections to confirmation of the plan must be filed with the Bankruptcy Court at, 300 W. Second Street, Little Rock, Arkansas 72201, in writing within 28 days from the date of this notice, with copies to the attorney for debtor(s) and to the Standing Chapter 13 Trustee, Post Office Box 8202, Little Rock, Arkansas, 72221-8202.

If objections to the plan are filed, they will be set for hearing by subsequent notice. If no objections are received, the plan may be confirmed without further notice or hearing.

DATE: <u>March 18, 2013</u>        /s/ David V. Ruff, II
       David V. Ruff, II     ASB#2003055
       1915 Mall Drive
       Texarkana, Texas 75503
       Telephone: (903)792-5313
       Facsimile: (903)792-5405
       ATTORNEY FOR DEBTOR

**CERTIFICATE OF MAILING**

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed to:

Standing Chapter 13 Trustee
Post Office Box 8202
Little Rock, AR 72221

U. S. Attorney, Eastern District
Post Office Box 1229
Little Rock, AR 72203

Employment Security Division
Legal Division
Post Office Box 2981
Little Rock, AR 72203

Internal Revenue Service
Special Procedures Staff
Stop 5700-700 W. Capitol Ave.
Little Rock, AR 72201

U. S. Attorney, Western District
Post Office Box 1524
Fort Smith, AR 72902

and to all creditors, on this the <u>18th</u> day of March 2013.

       /s/ David V. Ruff, II
       David V. Ruff, II